**E-Filed 4/9/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LaCOBY PHILLIPS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA CORPORATION AND DOES 1 THROUGH 50 INCLUSIVE,<br><br>　　　　　Defendants. | Case Number C 10-0400 JF (HRL)<br><br>**ORDER[1] GRANTING DEFENDANT'S MOTION TO DISMISS AND REMANDING ACTION TO STATE COURT**<br><br>[Re: Document no. 5 ] |

Defendant Bank of America Corporation ("Defendant") moves pursuant to Fed. R.Civ. P. 12(b)(6) to dismiss the complaint in the above-entitled action for failure to state a claim upon which relief can be granted or, in the alternative, pursuant to Fed. R. Civ. P. 12(e), for a more definite statement. The motion is unopposed and pursuant to Civil Local Rule 7-1(b) is appropriate for determination without oral argument. For the reasons set forth below, the motion to dismiss will be granted, without leave to amend.

## I. BACKGROUND

Plaintiff LaCoby Phillips ("Plaintiff") alleges that Defendant, a mortgage lender, failed to respond to a Qualified Written Request ("QWR") sent to Defendant by Plaintiff's counsel on

---

[1] This disposition is not designated for publication in the official reports.

1  October 22, 2009.  The purported QWR is attached to the complaint.  (*See* Compl. Ex. A.)  It
2  consists of two pages: a fax cover sheet informing Defendant of counsel's representation of
3  Plaintiff and the account identification number for the loan to which the inquiry relates; and a
4  letter formally requesting a list of "specific loan origination documents."  (Compl. ¶ 9.)  Plaintiff
5  alleges that Defendant's failure to respond "caused Plaintiff damage in an amount to be
6  determined at trial."  (*Id.* at ¶ 12.)

7  On December 9, 2009, Plaintiff filed a complaint in the Santa Clara Superior Court
8  alleging four claims for relief: violation of the Real Estate and Settlement Procedures Act
9  ("RESPA"), 12 U.S.C. § 2601 et seq; breach of implied covenant of good faith and fair dealing;
10 unfair business practices; and breach of fiduciary duty.  The action was removed to this Court on
11 January 28, 2010.  Defendant filed the instant motion on February 4, 2010, seeking to dismiss all
12 of Plaintiff's claims or, in the alternative, for a more definite statement of the claims.  Although
13 she is represented by counsel, Plaintiff did not file opposition.

## II.  LEGAL STANDARDS

### A. Motion to Dismiss for Failure to State a Claim

16 Dismissal under Fed. R. Civ. P. 12(b)(6) "is appropriate only where the complaint lacks a
17 cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v.*
18 *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to
19 dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in
20 the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  At the
21 same time, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
22 detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]
23 to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of
24 a cause of action will not do."  *Bell Atl. Corp. v.  Twombly*, 550 U.S. 544, 555 (2007) (internal
25 citations omitted).  Thus, a court need not accept as true conclusory allegations, unreasonable
26 inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint.
27 *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).
28 As the Supreme Court recently has clarified, a court must determine whether the

well-pled facts in the complaint "*plausibly* give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 1950 (2009) (emphasis added). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

**B.     Motion for a More Definite Statement**

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 8(a) requires "a short and plain statement" of the basis for relief including grounds for the court's jurisdiction, a statement showing that Plaintiffs are entitled to relief, and a demand for the relief sought. Rule 8(d) requires each allegation to be "simple, concise, and direct."

### III.  DISCUSSION

**A.     Motion to Dismiss for Failure to State a Claim**

**1.     The RESPA Claim**

A request must meet certain criteria in order to constitute a QWR under 12 U.S.C. § 2605(e). A QWR requests information relating to the servicing of a loan. 12 U.S.C. § 2605(e)(1)(A). It is something other than notice on a payment coupon or other payment medium supplied by the servicer. 12 U.S.C. § 2605(e)(1)(B). It must provide sufficient information for the servicer to identify the name and account of the borrower. 12 U.S.C. § 2605(e)(1)(B)(i). Finally, it must either include a statement of the reasons for the borrower's belief, to the extent applicable, that the account is in error or provide sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. § 2605(e)(1)(B)(ii).

Under RESPA, loan servicers

>ha[ve] a duty to respond to a borrower's inquiry or "qualified written request." 12 U.S.C. § 2605(e). A qualified written request is a written correspondence that enables the servicer to identify the name and account of the borrower. 12 U.S.C. § 2605(e)(1). It also either includes a statement describing why the borrower believes that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. *Id.* The loan servicer is required to respond by making appropriate corrections to the borrower's account, if necessary and, after conducting an investigation, providing the borrower with a written clarification or explanation. 12 U.S.C. § 2605(e)(2).

*Keen v. Amer. Home Mortgage Servicing, Inc.*, 664 F. Supp. 2d 1086 (E.D. Cal. 2009).

Plaintiff's RESPA claim is based entirely on Defendant's alleged failure to respond to her QWR. The paragraphs in the complaint most relevant to Plaintiff's RESPA claim read as follows:

> 1. LACOBY PHILLIPS is an individual that owns 7051 Livery Lane, San Jose, CA in Santa Clara County (hereinafter "Subject Property") at all times mentioned herein.
>
> . . .
>
> 8. Defendants are mortgage lenders. Defendants [sic] residential mortgage lending business model consists of making many residential loans, or loans made to borrowers with limited or impaired credit.
>
> 9. On October 22, 2009, a Qualified Written Request was made for specific loan origination documents (Exhibit A). As of the filing of this cause of action, Defendant has not provided an acknowledgement of this request and these documents have not been received.
>
> . . .
>
> 11. Defendants have violated the RESPA by engaging in prohibited acts as set forth in this complaint, including but not necessarily limited to:
>
>> a. Failing to provide loan origination documents after the submission of a Qualified Written Request for loan documents.
>
> 12. Defendants knew or by the exercise of reasonable care should have known, that these acts or omissions were unlawful. Defendants [sic] actions stated herein are in violation of the Real Estate Procedures Act of 1974 (RESPA) and have caused Plaintiff damage in an amount to be determined at trial. Second Plaintiff requests reasonable attorney fees and costs.

(Complaint ¶¶ 1, 8, 9, 11, 12.)

The purported QWR introduces Plaintiff's counsel, informs Defendant that Plaintiff "is currently dealing with some financial issues and [that counsel] would like to discuss [Plaintiff's] options (Modification, Short Sale, Bankruptcy, etc.) at this point," and requests the following list of documents related to Plaintiff's loan:

- Lender's Closing Instructions (if available)
- HUD-1 Settlement Statement
- Uniform Residential Loan Application (FNMA 1003)
- Promissory Note with all endorsements, medications, attachments, riders, addendum's [sic], etc.
- Mortgage/Deed of Trust/Security Instrument with all endorsements, modifications, attachments, riders addendums, etc.
- Prepayment Rider (if applicable)
- Initial Truth in Lending Disclosure
- Final Truth in Lending Disclosure
- Section 32 Disclosures (if applicable)
- Good Faith Estimate
- Broker Fee Agreement (if applicable)
- Rescission Notice/Right to Cancel (if applicable)
- Mortgage Insurance Certificate (if applicable)
- Escrow/Impound Disclosure Statement
- Escrow Waiver

(Compl. Ex. A.)

Defendant contends that Plaintiff's RESPA claim is insufficient for three reasons: the fax Defendant received from Plaintiff's counsel is not a QWR under RESPA and thus did not trigger any obligation on behalf of Defendant; the purported QWR fails to allege any servicing errors; and Plaintiff fails to allege any pecuniary harm.

Defendant contends that the fax is not a QWR under RESPA because the statute defines the term as "a 'written request from the borrower (or agent of the borrower) for information relating to the servicing of [a] loan,' rather than its 'origination.'" (Def.'s Mot. 5 (citing 12 U.S.C. § 2605(e)(1)(A)) (emphasis in original).) Defendant maintains that the fax "expressly relates to 'origination' documents and a proposed 'modification' of the loan, not servicing," and that, as a result, Defendant "had no duty under RESPA to respond." (*Id.* at 5-6.) Defendant is correct. *See, e.g.*, *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) (dismissing the plaintiff's RESPA claim with prejudice after observing that the requirement "[t]hat a QWR must address the servicing of the loan, and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon the loan servicer, and not the owner of the loan"); *MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000) ("According to the allegations . . . , the letter sought information about the validity of the loan and mortgage documents, but made no inquiry as to the status of the [] account balance. Therefore, the request did not relate to 'servicing' of the loan, and Count V fails to state a claim under [12 U.S.C.] §

2605.")

Relatedly, Defendant argues that even if the letter were considered a QWR, it does not allege any servicing errors. Instead, it simply requests information and states that Plaintiff "is currently dealing with some financial issues" and seeks to modify the terms of the loan. (Compl. Ex. A.) This language does not come close to satisfying the requirements of the statute. *See* 12 U.S.C. § 2605(e)(1)(B)(ii) ("a qualified written request shall be a written correspondence . . . that . . . includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower").

Finally, Defendant points out that Plaintiff does not allege any actual damages other than "an amount to be determined at trial." (Compl. ¶ 12.) Again, Defendant is correct. Section 2605(f)(1)(A) requires expressly that RESPA plaintiffs allege that actual damages flowed from the alleged violation.

The Court concludes that each of Defendant's arguments is well-taken. Because Plaintiff's RESPA claim depends entirely on the content of the fax, there appears to be no reasonable possibility that the deficiencies in the claim could be cured by amendment. Plaintiff's failure to respond to the instant motion, even though she is represented by counsel, provides an additional basis to deny leave to amend.

**2.      Supplemental Jurisdiction**

Plaintiff's RESPA claim is the sole basis for federal subject matter jurisdiction. While federal courts may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," *id.* § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484

Case No. C 10-0400 JF (HRL)
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND REMANDING ACTION TO STATE COURT
(JFLC3)

U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."). Because Plaintiff cannot state a viable federal claim, the Court declines to address her state law claims and will remand the action to the superior court.

**B.    Motion for a More Definite Statement**

In light of the above discussion, Defendant's alternative motion for a more definite statement will be terminated as moot.

### IV.  CONCLUSION

Good cause therefor appearing, the motion to dismiss is GRANTED, without leave to amend. The instant action is remanded to the Santa Clara Superior Court for further proceedings.

**IT IS SO ORDERED.**

DATED: 4/9/2010

_____
JEREMY FOGEL
United States District Judge